**FILED**
**Feb 08, 2022**
**12:08 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **CONCEPCION GUATEMALA,** | ) | **Docket No. 2019-06-2251** |
| **Employee,** | ) | |
| **v.** | ) | **State File No. 108266-2019** |
| **TYSON FOODS, INC.,** | ) | |
| **Employer.** | ) | **Judge Joshua Davis Baker** |
| | ) | |

_____

## COMPENSATION ORDER
_____

In a January 20, 2022 compensation hearing, Mr. Guatemala requested continuing medical treatment and reimbursement of medical expenses.[1]  Tyson agreed to provide continuing reasonable and necessary medical treatment from Dr. Jeffrey Hazlewood, so this request is granted.  However, because Mr. Guatemala submitted no admissible proof on his claim for reimbursement of past medical expenses, that request is denied.

## History of the Case

Mr. Guatemala injured his lower back on August 1, 2019, when a trailer became unlatched from the truck he drove and hit the back of his cab.  Tyson provided immediate care in its clinic with a registered nurse.

Mr. Guatemala said he asked to see a doctor, but Tyson would not allow it, and he was told if he went to see a doctor, he would have to pay for it.  Afterward, he continued getting treatment conservative treatment at the infirmary for the next two weeks.  At the last visit, the attending nurse asked why he was there.  After this encounter, Mr. Guatemala sought treatment on his own.

---

[1] Mr. Guatemala also requested temporary and permanent disability benefits but withdrew those requests at the outset of trial.

Mr. Guatemala received treatment through his private health insurer from Drs. Viola Chen and Jason Jones. He claimed he sought treatment because the nurse told him he did not need a doctor, and Tyson would not provide one.

Nearly eight months later, with medical bills mounting, Mr. Guatemala asked Tyson for reimbursement for the care he received from Drs. Chen and Jones. Tyson declined to reimburse him but provided a Choice of Physicians form. He chose Dr. Tarek Elalayli, an orthopedic spine surgeon.

Dr. Elalayli examined Mr. Guatemala and diagnosed a lumbar sprain that, in his opinion, should have resolved. He recommended a home exercise program and pain management with Dr. Hazlewood.

Dr. Hazlewood provided an injection that Mr. Guatemala said made him feel worse. This puzzled Dr. Hazlewood, who, after further conservative care, placed Mr. Guatemala at maximum medical improvement without restrictions or permanent impairment. Dr. Hazlewood agreed to see Mr. Guatemala as needed, and he eventually returned to Dr. Hazlewood.

**Findings of Fact and Conclusions of Law**

Mr. Guatemala bears the burden of proving entitlement to workers' compensation benefits by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6) (2021); *Panzarella v. Amazon.com, Inc.*, No. E2017-01135-SC-R3-WC, 2018 Tenn. LEXIS 244, at *8 (Tenn. Workers' Comp. Panel May 16, 2018). Mr. Guatemala seeks only two types of benefits here; one has been provided agreeably, the other denied.

Sometimes even when we go forward, we go forward without progress. That is the case here. In an expedited hearing order issued previously in this case, Tyson agreed to allow Mr. Guatemala to continue seeing Dr. Hazlewood but denied his request for payment of medical bills from unauthorized providers. The Court declined to award payment for these medical bills because he could not authenticate them. We have now come forward to the compensation hearing only to arrive at the same spot.

As previously mentioned, Tyson agreed that Mr. Guatemala could continue receiving reasonable and necessary care from Dr. Hazlewood if he wished. With this issue decided, only the reimbursement issue remains.

Mr. Guatemala seeks reimbursement for care received through his private insurance from Drs. Chen and Jones. However, the proof that he sought permission from Tyson for treatment of his workers' compensation injury with these doctors before receiving treatment is limited. The fact that Tyson provided a panel when he requested

reimbursement for his bills eight months later tends to show he was not denied medical care.

But even if Tyson initially denied him care, the Court could not award relief because he offered no proof of his loss. As he did at an expedited hearing, Mr. Guatemala asked to introduce medical bills, but provided no proof that the bills were for treatment related to his workers' compensation injury. An injured worker must authenticate medical bills under Rule 901 of the Tennessee Rules of Evidence and offer proof that the medical bills are reasonable, necessary, and causally related to the work accident. *Eaves v. Ametek, Inc.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 53, at *8-9 (Sept. 14, 2018). Because the bills were unverified and thus inadmissible, and no proof was in the record that the care he received was reasonable and necessary for his work injury, the Court denies his request to recoup those costs.

**IT IS ORDERED** as follows:

1. Tyson shall continue to provide Mr. Guatemala all medical care made reasonable and necessary by his work injury with Dr. Jeffrey Hazlewood serving as the authorized treating physician.

2. Mr. Guatemala's request for reimbursement of medical expenses is denied for lack of proof.

3. Costs of $150.00 are assessed against Tyson under Tennessee Compilation Rules and Regulations 0800-02-21-.07, for which execution might issue as necessary.

4. Tyson shall file a completed Form SD-2 within five days after this order becomes final.

5. Unless appealed, the order shall become final thirty days after issuance.

**ENTERED February 8, 2022.**

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

3

**APPENDIX**

Exhibits:

1. Form C-32
2. Medical Records

Technical Record:

1. Petition for Benefit Determination
2. Request for Expedited Hearing
3. Petition for Benefit Determination
4. Dispute Certification Notice filed December 2, 2021
5. Dispute Certification Notice filed February 27, 2020
6. Motion for Dismissal
7. Order to Show Cause
8. Request for Expedited Hearing
9. Expedited Hearing Order entered August 31, 2020
10. Scheduling Order entered July 12, 2021
11. Notice of Intent to Use Form C-32

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on February 8, 2022.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Concepcion Guatemala, Employee | | | X | guatemala121976@gmail.com |
| Michael Haynie, Employer's Attorney | | | X | mhaynie@manierherod.com |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
Wc.courtclerk@tn.gov



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court.  To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.  The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board.  *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure.  If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.  *See* Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

## AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name: _____  2. Address: _____

3. Telephone Number: _____  4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| AFDC | $ _____ per month | beginning _____ |
|------|---------------------|-------------------------------------------|
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

LB-1108 (REV 11/15)                                                                    RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries    $ _____ per month    Telephone    $ _____ per month

Electricity    $ _____ per month    School Supplies $ _____ per month

Water    $ _____ per month    Clothing    $ _____ per month

Gas    $ _____ per month    Child Care    $ _____ per month

Transportation  $ _____ per month    Child Support    $ _____ per month

Car    $_____ per month

Other    $ _____ per month (describe: _____ )

10. Assets:

Automobile    $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House    $ _____    (FMV) _____

Other    $ _____    Describe:_____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
|  |  |
|  |  |
|  |  |
|  |  |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____